STATE v. COTHRAN

[120 N.C. App. 633 (1995)]

STATE OF NORTH CAROLINA v. THOMAS WATSON COTHRAN

No. COA94-1432

(Filed 7 November 1995)

**Evidence and Witnesses § 2311 (NCI4th)— impaired driving charged—evidence of blood-breath ratio properly excluded**
 In a prosecution of defendant for impaired driving in a commercial motor vehicle, the trial court did not err in excluding expert testimony that defendant's Intoxilyzer reading did not accurately reflect his blood alcohol level because his normal blood-breath ratio was different than the calibration of the Intoxilyzer, since the legislature has adopted a breath alcohol *per se* offense as an alternative method of committing a driving while impaired offense, and it is immaterial whether defendant is in fact impaired or whether his blood alcohol content is in excess of that permitted in the statutes. N.C.G.S. § 20-138.2.

**Am Jur 2d, Automobiles and Highway Traffic § 379; Evidence § 1021.**

**Validity of legislation creating presumption of intoxication or the like from presence of specified percentage of alcohol in blood. 46 ALR2d 1176.**

**Construction and application of statutes creating presumption or other inference of intoxication from specified percentages of alcohol present in system. 16 ALR3d 748.**

**Necessity and sufficiency of proof that tests of blood alcohol concentration were conducted in conformance with prescribed methods. 96 ALR3d 745.**

Appeal by defendant from judgment entered 28 June 1994 in Cleveland County Superior Court by Judge James R. Strickland. Heard in the Court of Appeals 2 October 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Joseph P. Dugdale, for the State.*

*J. Stephen Gray for defendant-appellant.*

GREENE, Judge.

Thomas Watson Cothran (defendant) appeals from a judgment of the superior court, entered after a jury verdict, finding him guilty of

"Impaired Driving in a commercial motor vehicle," in violation of N.C. Gen. Stat. § 20-138.2, and suspending his sixty-day prison sentence and placing him on unsupervised probation for two years.

Defendant was arrested in Cleveland County on 9 November 1993 and charged with impaired driving in a commercial vehicle. A chemical analysis of defendant's breath, using the Intoxilyzer 5000 revealed that the alcohol content of defendant's breath was .04 grams per 210 liters of breath.

At trial, defendant presented the testimony of Dr. James Woodford (Woodford), a chemist, who was found by the trial court to be an expert in medicinal chemistry and in alcohol and blood testing devices. The trial court refused to permit Woodford to offer the following testimony to the jury:

> To be an approved machine in the United States, all—the Intoxilyzer plus every other breath alcohol testing apparatus must be tuned to a certain [blood-breath] ratio, 2100 to one. . . .

> Now, that 2100 to one number is an average number of [blood-breath] ratios in the general population. There are some people who have lower [blood-breath] ratios. Those people score too high on the breath test on the Intoxilyzer 5000. There are people who have higher [blood-breath] ratios and they score too low on the Intoxilyzer 5000. We didn't know which way it was going to go.

> We have to test the person to find out what their personal [blood-breath] ratio is and if it's—if it is 2100 to one, that's the way the machine is calibrated, the Intoxilyzer 5000, then there is no error. There is no correction to be made.

> But in this case, I found out that [the defendant's blood-breath] ratio was 1722 to one, which is—by direct testing of the defendant, which means he does not match the calibration of the Intoxilyzer. It causes him to read about eighteen percent too high [on the Intoxilyzer].

> . . . .

> The overall significance is that his corrected—if you correct his body chemistry to the calibration of the machine, he should have read .03 on the machine . . . .

The issue is whether the trial court erred in excluding Woodford's testimony relating to defendant's blood-breath ratio.

A person commits the offense of impaired driving if he drives a commercial vehicle either while under the influence of an impairing substance or after having consumed sufficient alcohol that he has an alcohol concentration of .04 or more. N.C.G.S. § 20-138.2 (1993). The legislature has determined that a person's alcohol concentration is expressed as *either* grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath. N.C.G.S. § 20-4.01(0.2) (1993).

The defendant contends that the trial court erred in denying him an opportunity to present evidence that his blood-breath ratio was different from that used in the statute. We disagree.

There is no dispute that the conversion factor (grams of alcohol per 210 liters of breath) used in section 20-4.01(0.2) is based on an assumed blood-breath ratio. *See State v. Brayman*, 751 P.2d 294, 297 (Wash. 1988). In other words, the "assumption is that a [concentration of alcohol in breath] of .10 g/210L is equivalent to a [blood alcohol concentration] of .10%." 2 Richard E. Erwin, *Defense of Drunk Driving Cases* § 21.01 (3d ed. 1995) (hereinafter *Erwin*). It therefore follows that "[b]ecause blood-breath ratios vary both between individuals, and at different times in the same individual, a breath test based on a 2100:1 blood-breath ratio may not accurately represent a particular individual's blood alcohol level." *Brayman*, 751 P.2d at 297; *see Erwin* § 21.01 ("A number of physiological factors, that have no effect on a direct blood analysis, can materially affect a breath test."). Because, however, our legislature has adopted a breath alcohol per se offense as an alternative method of committing a driving while impaired offense, it is immaterial whether the defendant is in fact impaired or whether his blood alcohol content is in excess of that permitted in the statutes. *Cf. Dixon v. Peters*, 63 N.C. App. 592, 601, 306 S.E.2d 477, 483 (1983) (General Assembly may legislate an objective standard where it is a rational way to correct a perceived problem and serves a legitimate State function). Accordingly, Woodford's excluded testimony that the defendant's Intoxilyzer reading did not accurately reflect his blood alcohol level is not admissible and the trial court correctly excluded this evidence. N.C.G.S. § 8C-1, Rules 402, 403 (1992) (only evidence tending to prove a fact *in consequence* is relevant and admissible).

DEVANE v. CHANCELLOR

[120 N.C. App. 636 (1995)]

Breath test evidence is not, however, conclusive proof of the per se offense as the State must still establish the foundational requirements of the test, that the machine was in proper working order, that the reading is correct and that the officer is certified and competent to administer the test. The defendant does not contest these issues.

No error.

Chief Judge ARNOLD and Judge SMITH concur.